[Civ. No. 3192.    First Appellate District, Division One.—February 9, 1920.]

THE S. R. FRAZEE COMPANY (a Corporation), Respondent, v. R. H. ARNOLD, Appellant; JOE GOETZ et al., Defendants.

[1] MECHANICS' LIENS—RELEASE OF OWNER FROM LIABILITY—DUTY TO FURNISH SUFFICIENT BOND.—If a property owner desires to limit the right of laborers and materialmen to recover against him as owner to the amount due from him to the contractor by filing the bond specified in section 1183 of the Code of Civil Procedure, the duty devolves upon him to require a bond that will continue good at least until the period has expired during which laborers and materialmen can avail themselves of the benefit afforded by such bond.

[2] ID.—INSUFFICIENCY OF SURETIES—RELEASE OF OWNER FROM LIABILITY—DISCRETIONARY POWER OF COURT.—Where the contractor was insolvent at all times, and his son, who was one of the sureties on the bond given pursuant to the provisions of section 1183 of the Code of Civil Procedure, was wholly unqualified as a surety at any time, while his wife, the other surety on such bond, possessed only such property as she might reasonably be expected to, and which she subsequently did, by declaring a homestead thereon,

preserve against her husband's obligations, in an action by a materialman against the contractor, his sureties, and the owner, it was entirely within the discretionary power of the court, granted it under said section 1183, to hold that under the circumstances it would not be equitable to restrict the recovery against the owner to the amount of the contract price.

[3] Id.—Articles Not Called For by Specifications—Not Proper Charge Against Owner.—The plaintiff in such action having stipulated that the specifications did not "specifically require the contractor to use brushes," and the brushes in question not having been consumed in the performance of the contract, the value thereof did not constitute a proper charge against the owner.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Ralph E. Homann for Appellant.

G. C. De Garmo for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal from a judgment of foreclosure of a materialman's lien for materials furnished in the construction of certain apartment houses owned by the defendant and appellant, Arnold.

The defendant Joe Goetz, on January 7, 1916, contracted to perform the labor and furnish the materials for painting and papering said apartment houses for the sum of $2,930. The contract was in writing and was duly filed for record, together with a bond furnished by the contractor pursuant to section 1183 of the Code of Civil Procedure in the sum of $1,465, which said bond by its terms inured to the benefit of laborers and materialmen. On March 16, 1916, after Goetz, the contractor, had been paid $1,430, he abandoned the contract, and the owner, Arnold, necessarily expended the additional sums of $1,363.30 for labor and $215.42 for materials in completing the job, thereby making the total cost of the work and materials covered by the Goetz contract $3,008.72, excluding plaintiff's demand for $833.66.

Judgment was rendered against the contractor and his sureties for the amount of plaintiff's demand, and a fore-

closure of the lien was decreed against the property. The owner of the property, Arnold, appeals.

Appellant contends, first, that having required the contractor, under section 1183 of the Code of Civil Procedure, to furnish and file a bond in the requisite amount, the terms of which inured to the benefit of laborers and materialmen, a recovery against him as owner should have been restricted to the amount found to be due from the owner to the contractor, and a judgment rendered against him as contractor and his sureties for the deficiency. Nothing was found to be due from the owner to the contractor, and therefore appellant claims that his property is not liable for any part of plaintiff's demand.

By section 1183 of the Code of Civil Procedure, among other things, it is provided that if the original contract is filed for record, together with a bond of the contractor "with good and sufficient sureties," in an amount not less than fifty per cent of the contract price, which bond by its terms inures to the benefit of laborers and materialmen, "then the court must, *when it would be equitable so to do,* restrict the recovery under such liens to an aggregate amount equal to the amount found to be due from the owner to the contractor, and render a judgment against the contractor and his sureties on said bond for any deficiency or difference there may remain between said amount so found to be due to the contractor and the whole amount found to be due to claimants for such labor or materials or both."

Said section further provides: "It is the intent and purpose of this section to limit the owner's liability in all cases to the measure of the contract price where he shall have filed or caused to be filed in good faith with the original contract a valid bond, with good and sufficient sureties, in the amount and upon the conditions as herein provided."

The trial court found that said owner in good faith caused the contractor to furnish a bond for the required amount, but further found that the sureties on said bond were insufficient. Said sureties were, respectively, the son and the wife of the contractor. The evidence shows without conflict that the contractor's son was worth financially not more than $71, and that the only property possessed by the contractor's wife at the time she executed the bond or afterward was their home place where they were then living,

claimed by her as community property, of the value of three thousand dollars, subject to a mortgage of eight hundred dollars, and the evidence further shows without conflict that in March, 1916, the same month the contract was abandoned, a homestead was declared and filed on said property by the contractor's wife.

Appellant contends that since the property of Mrs. Goetz at the time she executed the bond had a net value of two thousand two hundred dollars, which was $735 in excess of the amount of the bond on which she qualified, her subsequent act in declaring a homestead upon the property did not have the retroactive effect of rendering her an insufficient surety at the time the bond was executed. In other words, appellant argues that so far as the property owner's liability is concerned under said section 1183, if he acts in good faith in requiring the contractor to file a bond "the sureties should be judged as of the time of the execution of the bond."

We are satisfied that the finding of the court in holding that the sureties on the bond were insufficient was justified by the facts shown by the evidence and by the law as embodied in said section 1183. [1] The bond mentioned is required to be furnished for the express purpose of protecting laborers and materialmen. The necessity of duty, therefore, devolved upon the owner to require a bond that would continue good at least until the period had expired during which said laborers and materialmen could avail themselves of the benefit afforded by said bond, and this not alone for the protection of the laborers and materialmen, but also for his own protection in the matter of the limitation of the recovery which might be had against him. [2] Here the contractor was shown to be insolvent at all times. His son was wholly unqualified as a surety at any time, and his wife possessed only such property as she might reasonably be expected to preserve inviolate against her husband's obligations if such necessity should arise. It was, therefore, entirely within the discretionary power of the court, granted it under said section 1183, to hold that under the circumstances above mentioned it would not be equitable to restrict the recovery against the owner to the amount of the contract price.

Appellant's next contention is that plaintiff's demand contained materials not called for by the specifications. We have examined the evidence on this point and find no merit in appellant's contention, except as to certain paint brushes. The evidence shows that the materials objected to were materials in fact called for by the specifications, but which were designated and furnished under a different name, or else they consisted of materials which were necessary to be used in connection with and as a part of the specified materials. All of such materials were actually used and consumed in the performance of the contract by the contractor. [3] The paint brushes, however, which were of the value of $31.26, were not called for by the specifications, nor were they consumed in the performance of the contract. They were left on the premises after the contract was abandoned, and counsel for respondent stipulated during the trial that the specifications did not "specifically require the contractor to use brushes." In view of this stipulation, and in view of the further fact that the brushes were not consumed in the performance of the contract, the value of the same was an illegal charge against the owner.

Appellant's final point is that plaintiff charged appellant for said materials more than the price agreed upon between plaintiff and the contractor. There is no evidence, however, to support such claim, and in the absence of such showing we are not disposed to disturb the finding of the trial court.

It is directed that the judgment be modified by striking therefrom the reasonable value of the paint brushes, to wit, $31.26, and as thus modified the judgment will stand affirmed.

Richards, J., and Waste, P. J., concurred.